## El Pueblo v. El Registrador de la Propiedad.

### Recurso gubernativo contra nota del Registrador de la Propiedad de Ponce.

No. 13.   Resuelto en Enero 25, 1905.

Inscripción de títulos.—Inscripción previa del derecho del trasmitente.—Responsabilidad de los Registradores. Para inscribir ó anotar los títulos en que se transfiera ó grave el dominio ó la posesión de los bienes inmuebles, ó derechos reales, deberá constar previamente inscrito ó anotado el derecho del otorgante, ó de aquél en cuyo nombre se haga la trasmisión ó' gravámen, y los Registradores denegarán la inscripción de dichos títulos mientras no se cumpla este requisito, siendo responsables directamente de los perjuicios que causen á un tercero por la infracción de este precepto.

Id.—Certificaciones de venta expedidas por los Colectores de Rentas Internas. La anterior doctrina, que es precepto del art. 20 de la Ley Hipotecaria, no puede estimarse derogada por los artículos 351 y 352 del Código Político, pues las disposiciones de éstos últimos son perfectamente compatibles con aquélla, debiendo entenderse que los Registradores inscribirán las certificaciones de venta expedidas por los Colectores, pero *con sujeción á los preceptos de la Ley Hipotecaria,* que determinan los casos, y la forma, en que deben verificarse las inscripciones.

Id.—Defectos subsanables. Aunque según la Sec. 2 de la Ley sobre recursos contra las resoluciones de los Registradores de la Propiedad, de Marzo 1, 1902, los Registradores no suspenderán, por defectos subsanables, la inscripción, anotación ó cancelación de ningún título, éste precepto ha de entenderse aplicable, tan sólo, á títulos que contengan algún defecto subsanable, *nacidos de los mismos títulos,* y no á aquellos que no puedan inscribirse por obstáculos *nacidos del mismo Registro.*

Id.—Falta de inscripción previa del derecho del trasmitente. La falta de inscripción previa, de la finca gravada ó enagenada, á favor del que la transfiera ó grave, es un defecto que *nace del mismo Registro,* y aunque puede subsanarse, mientras subsista, impide *en absoluto* la inscripción, bajo la más estrecha responsabilidad de los Registradores.

### EXPOSICIÓN DEL CASO.

Visto el presente recurso gubernativo interpuesto á nombre del "Pueblo de Puerto Rico" contra negativa del Registrador de la Propiedad de Ponce á inscribir á favor del primero tres solares rematados para el pago de contribuciones.

*Resultando* que seguidos por el Colector de Rentas Internas de aquella ciudad expedientes de apremio contra Mariana Colón, Martín Vargas y Rafael Bermejo, como deudores de contribuciones atrasadas, se les embargaron tres solares radicados en la misma ciudad de Ponce, que se sacaron á pública subasta y se adjudicaron después al "Pueblo de Puerto Rico" por falta de licitadores, en pago de las contribuciones adeudadas, los recargos y las costas; y que presentadas en el Registro de la Propiedad las certificaciones de venta libradas por el Colector de Rentas para su inscripción á favor del "Pueblo de Puerto Rico", le fué denegada por el Registrador por el defecto de no resultar inscrito el dominio de los solares rematados á favor de los deudores, ni de ninguna otra persona, según nota puesta al pie de cada una de las certificaciones de referencia.

*Resultando* que comunicada esta negativa del Registrador al Colector de Rentas de Ponce, como no estuviera conforme con ella y se lo participara así al Registrador de la Propiedad, elevó éste los antecedentes á esta Corte Suprema para su resolución exponiendo además por escrito las razones que creyó pertinentes para justificar su negativa; las que combatió á su vez, también por escrito, el Fiscal de esta Corte, pidiendo se revocara la negativa del Registrador y se le ordenara la inscripción á favor de "El Pueblo de Puerto Rico" de las tres certificaciones objeto del presente recurso.

Abogado del recurrente: *Sr. Rossy, Fiscal.*

El Juez Presidente Sr. Quiñones, después de exponer los hechos anteriores, emitió la siguiente Opinión del Tribunal.

*Considerando* que es un precepto fundamental de la Ley Hipotecaria, consignado en el artículo 20 de la misma, que "para inscribir ó anotar los títulos en que se transfiera ó grave el dominio ó la posesión de bienes in-

muebles, ó derechos reales, deberá constar previamente inscrito ó anotado el derecho de la persona que otorgue, ó en cuyo nombre se haga la transmisión ó gravámen, y que los Registradores denegarán la inscripción de dichos títulos mientras no se cumpla este requisito, siendo responsables directamente de los perjuicios que causen á un tercero por la infracción de este precepto.''

*Considerando* que estos preceptos de la Ley Hipotecaria no pueden entenderse derogados por los artículos 351 y 352 del Código Político de esta Isla, como lo afirma el representante del ''Pueblo de Puerto Rico'', pues al prescribir dichos artículos que el Registrador registrará los certificados de venta á que hacen referencia, no contienen disposición alguna que derogue expresamente, ó que resulte en contradicción ó en conflicto con el artículo citado de la Ley Hipotecaria, y por consiguiente deben entenderse en el sentido de que el Registrador registrará las certificaciones de venta expedidas por los Colectores, pero con sujeción á los preceptos de la Ley Hipotecaria que determinen los casos y la forma en que deben verificarse las inscripciones; de la misma manera que ordenan los artículos 7 y 8 del mismo Código Político, que el Gobierno de Puerto Rico puede adquirir propiedades por contribuciones; ó títulos á bienes de todas clases para uso público, pero siempre en los casos y en la forma que previenen las leyes.

*Considerando* que tampoco tiene aplicación al caso presente para considerar al Registrador de Ponce obligado á practicar la inscripción de las certificaciones de que se trata, la sección 4 de la Ley votada por la Asamblea Legislativa de esta Isla y aprobada en 1 de Marzo de 1902, sobre recursos contra las resoluciones de los Registradores de la Propiedad, la que dispone: ''que los registradores no suspenderán por defectos subsanables la inscripción, anotación ó cancelación de ningún título,'' pues

siendo dicho precepto una reproducción exacta de la sección 2 de la Orden General No. 99 de 30 de Abril de 1900, es de perfecta aplicación al caso la doctrina sentada por esta Corte Suprema en su resolución de 1 de Agosto del mismo año, recaida en el recurso gubernativo interpuesto por la Sociedad "Santiago Hermanos, contra negativa del Registrador de la Propiedad de Ponce á inscribir una escritura hipotecaria, por el mismo defecto de no aparecer inscrita la finca gravada á favor del deudor, ni de ninguna otra persona, y por la que se declaró que los defectos subsanables á que se refería la sección 2 de la citada Orden General, que no debían impedir en lo sucesivo la inscripción, anotación ó cancelación de ningún título, eran los que contenían los mismos títulos que se presentaban al Registro, como lo comprobaba la misma sección 2 al ordenar en su 2° inciso que los Registradores harían constar en la inscripción los defectos que contuvieran los títulos, pero en manera alguna los que traían su origen de otras causas derivadas del mismo Registro, como la falta de inscripción previa de la finca gravada ó enagenada á favor del que la transfiera ó grave, y cuyo defecto, aunque pueda subsanarse, impide en absoluto la inscripción mientras subsista, bajo la más estrecha responsabilidad de los Registradores, doctrina que esta Corte Suprema no ve motivo para modificarla en el presente caso, por subsistir las mismas razones que la inspiraron al dictarse la resolución de que se trata.

*Considerando,* por tanto que es de confirmarse la nota denegatoria del Registrador de la Propiedad de Ponce.

Vistos el art. 20 de la Ley Hipotecaria y la resolución citada de esta Corte Suprema.

Se confirma la nota denegatoria puesta por el Registrador de la Propiedad de Ponce al pie de las certificaciones de que se trata en el presente recurso y devuélvansele con copia certificada de la presente resolución, para su cono-

cimiento y el de los demás interesados, y á los demás efectos que procedan.

Jueces concurrentes: Sres. Hernández, Figueras, Mac Leary y Wolf.